NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ERNESTO MEJORADO,

  Petitioner - Appellant,

v.

ANTHONY HEDGPETH, Warden,

  Respondent - Appellee.

No. 13-55200

D.C. No. 2:12-cv-02402-R-VBK

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted October 20, 2015
Pasadena, California

Before: IKUTA and OWENS, Circuit Judges and SESSIONS,[**] District Judge.

  Ernesto Mejorado, a California state court prisoner, appeals from the district

court's denial of his petition for a writ of habeas corpus.  We have jurisdiction

---

  [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]    The Honorable William K. Sessions III, District Judge for the U.S.
District Court for the District of Vermont, sitting by designation.

pursuant to 28 U.S.C. § 1291, and we affirm. As the parties are familiar with the facts, we do not recount them here.

**1.** Under the Antiterrorism and Effective Death Penalty Act (AEDPA), it was not an unreasonable application of *Chapman v. California*, 386 U.S. 18, 24 (1967), for the California Court of Appeal to hold that any error in excluding Adan's testimony was "harmless beyond a reasonable doubt."[1] A state court's harmlessness determination is considered a decision on the merits entitled to AEDPA deference, *Davis v. Ayala*, 135 S. Ct. 2187, 2198 (2015) (citation omitted), and "a federal court may not award habeas relief under § 2254 unless *the harmlessness determination itself* was unreasonable," *id.* at 2199 (emphasis in original) (citation omitted).

The California Court of Appeal gave three reasons for its harmlessness determination: (1) the jury would not have believed Adan's testimony; (2) the testimony was essentially cumulative; and (3) overwhelming evidence established Mejorado's guilt. First, it was not unreasonable for the California Court of Appeal to find that the jury would not have believed Adan's testimony. When it refused to

---

[1]Because the California Court of Appeal's decision that any error was harmless was not an unreasonable application of *Chapman*, we may not review *de novo* the question of whether the trial court's decision to exclude the relevant portion of Adan Lopez's testimony was constitutional error.

allow Adan to testify, the trial court reasoned that Adan was biased in favor of Mejorado. The state appellate court affirmed that finding, and it is presumed correct on appeal, 28 U.S.C. § 2254(e)(1). Where, as here, evidence is deemed untrustworthy, the exclusion of that evidence is unlikely to be prejudicial. *See, e.g., United States v. Wood*, 550 F.2d 435, 441 (9th Cir. 1976). Further, unless testimony is "trustworthy," its exclusion does not implicate a defendant's right to present a defense. *See Cudjo v. Ayers*, 698 F.3d 752, 754-55 (9th Cir. 2012).

Second, it was not unreasonable for the California Court of Appeal to find that the excluded testimony was cumulative. Adan was allowed to testify that after Flores was killed, Ramirez said that *he* killed Flores. Neither the exclusion nor the admission of cumulative evidence is likely to cause substantial prejudice. *See e.g., Wong v. Belmontes,* 558 U.S. 15, 22-23 (2009); *Jackson v. Brown*, 513 F.3d 1057, 1084-85 (9th Cir. 2008).

Finally, it was not unreasonable for the California Court of Appeal to find that there was overwhelming evidence that established Mejorado's guilt as the shooter or as an aider and abettor. Here, substantial circumstantial evidence connected Mejorado to the murder: Mejorado and Ramirez were seen taking the tires off Flores's car the following day, Mejorado had burn marks on his face after Flores's car was set on fire, Mejorado knew about Flores's recent $18,000 tax

refund, David Lopez testified that Mejorado said that "we" killed somebody, and, after the murder, Mejorado and Ramirez would not let Sanchez go anywhere without their authorization. Where the evidence unaffected by the alleged trial error overwhelmingly points toward a petitioner's guilt, the error will be deemed harmless. *See Cook v. Schriro*, 538 F.3d 1000, 1021 (9th Cir. 2008). Indeed, an error may be overlooked as harmless even if the properly admitted evidence was "weighty" but "not overwhelming." *Brecht v. Abrahamson*, 507 U.S. 619, 639 (1993).

As a fairminded jurist could reasonably agree with any of the California Court of Appeal's three reasons for concluding that the exclusion of Adan's testimony was harmless, Mejorado is not entitled to habeas relief.

**2.** The California Court of Appeal's determination that there was sufficient evidence to support Mejorado's conviction for the murders of Sanchez and San Miguel was not an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979). "[O]n habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge" unless "the state court decision was objectively unreasonable." *Coleman v. Johnson*, 132 S. Ct. 2060, 2062 (2012) (per curiam) (internal quotation marks and citations omitted). The California Court of Appeal listed the evidence against Mejorado: (1) Mejorado and

4

Ramirez committed the Flores murder, and the evidence showed that Sanchez and San Miguel were killed because they "knew too much"; (2) Mejorado and Ramirez restricted Sanchez's freedom of movement after the Flores murder; (3) Mejorado was present the night San Miguel and Sanchez were murdered; (4) Mejorado participated in cleaning up the crime scene, and tried to convince others to go to Mexico with him and Ramirez; (5) Mejorado gave a false name and date of birth to police when arrested; and (6) in a taped jailhouse conversation, Mejorado tried to fabricate a false alibi. It was not objectively unreasonable for the court to conclude there was sufficient evidence for a rational jury to find Mejorado guilty of the murders of Sanchez and San Miguel.

**3.** The California Court of Appeal's determination that there was ample evidence that the Sanchez and San Miguel murders were committed in association with the gang, or to benefit the gang by keeping gang members out of jail for the Flores murder, sending a message to other witnesses, enhancing the gang's reputation, and creating fear and intimidation in the community, was not an unreasonable application of *Jackson v. Virginia*. The court reasonably concluded that a rational trier of fact could have found the necessary elements of the enhancement. *See Emery v. Clark*, 643 F.3d 1210, 1216 (9th Cir. 2011) (per curiam).

5

**AFFIRMED.**